UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRYAN CORY, et al.,<br><br>         Plaintiff(s),<br>   v.<br><br>USAA GENERAL INDEMNITY COMPANY,<br><br>         Defendant(s). | CASE NO. C25-5452-KKE<br><br>ORDER GRANTING MOTION TO COMPEL APPRAISAL |

Plaintiffs Bryan Cory and Shanlynn Cory unsuccessfully attempted to invoke their insurance policy's appraisal provision before filing this lawsuit against their insurer, Defendant USAA General Indemnity Company ("USAA"). Since filing this action, the Corys now request that the Court order USAA to comply with that provision. Dkt. No. 12.

Because the appraisal provision is enforceable and USAA has not shown that it is not obligated to comply with it, the Court will grant the Corys' motion to compel appraisal.

I.   BACKGROUND

The Corys purchased a USAA homeowner's insurance policy ("the Policy") that protected the Corys' home against, among other things, damage from either water or fire.[1]   Dkt. No. 1-3 ¶

---

[1] The record is equivocal about the cause of the damage to the Corys' property. The complaint alleges that the Corys' property was damaged by water from burst plumbing on August 11, 2023. Dkt. No. 1-3 ¶ 7. USAA's answer admits that the Corys' property was damaged on August 11, 2023, but states that the loss reported was a fire loss and not a

ORDER GRANTING MOTION TO COMPEL APPRAISAL - 1

4; Dkt. No. 3 at 40–41. The Policy was in effect on August 11, 2023, when the Corys' home was damaged. Dkt. No. 1-3 ¶¶ 6–7; Dkt. No. 11 ¶¶ 7–8. The Corys notified USAA of the damage to their property and made a claim for coverage under the Policy. Dkt. No. 1-3 ¶ 8.

Although USAA opened coverage on the Corys' claim, the Corys were not satisfied with how USAA handled the claim and eventually hired their own loss consultant to assist them in estimating the value of the claim. Dkt. No. 1-3 ¶¶ 10–11. The Corys' consultant estimated the loss total to be $787,446.09, and the Corys submitted that estimate to USAA as a supplemental claim. Dkt. No. 13-1. USAA confirmed its previous determination, which was hundreds of thousands of dollars less than the Corys' valuation. *Id.*, Dkt. No. 13 ¶ 3, Dkt. No. 13-2 at 2.

The Corys then invoked the Appraisal provision of the Policy (Dkt. No. 13-3 at 2), which USAA rejected. Dkt. No. 1-3 ¶ 12. The Corys reiterated their appraisal demand, which USAA again rejected. *Id.*

After providing the notice required by the Insurance Fair Conduct Act ("IFCA"), the Corys filed this lawsuit in Cowlitz County Superior Court. Dkt. No. 1-3. USAA removed the action to this Court in May 2025, and the Corys subsequently filed a motion to compel appraisal. Dkt. No. 12. That motion is now ripe for resolution, and the Court will grant it for the following reasons.

## II.   ANALYSIS

### A.   Legal Standards

Washington law finds appraisal provisions of an insurance policy to be "universally" valid and enforceable, and courts uphold them "upon the grounds of sound public policy" as they "tend

---

water loss. Dkt. No. 11 ¶¶ 7–8. The Corys' motion to compel appraisal does not identify the cause of the property damage, although a document attached to the accompanying Declaration of Charles P. Pearson references fire damage. Dkt. No. 13-1 at 6. USAA's opposition brief states, without citation, that "[t]his lawsuit arises from a partial fire loss occurring at plaintiff's home on August 11, 2023." Dkt. No. 14 at 1. The cause of the property damage does not appear to be material to the resolution of the motion before the Court, and thus the Court need not resolve this factual discrepancy at this time.

ORDER GRANTING MOTION TO COMPEL APPRAISAL - 2

to fair dealing and to the prevention of litigation." *Keesling v. W. Fire Ins. Co. of Fort Scott, Kan.*, 520 P.2d 622, 626 (Wash. Ct. App. 1974) (quoting *Goldstein v. Nat. Fire Ins. Co.*, 180 P. 409, 411 (Wash. 1919)).

> However, an appraisal provision is 'not self-executing; and, if the company does not pay the damages fixed by the appraisers, an insured must commence legal action, the appraisal must be confirmed by the court and judgment entered for the insured. The authority and control over the ultimate disposition of the subject matter remains with the courts.'

*Montler v. Belfor USA Grp., Inc.*, No. 39497-2-III, 2023 WL 5622963, at *12 (Wash. Ct. App. Aug. 31, 2023) (quoting *Keesling*, 520 P.2d at 625).

### B.     The Court Will Enforce the Policy's Appraisal Provision.

The Corys' motion invokes the Appraisal provision of the Policy, which reads, in relevant part:

> If you and we fail to agree on the amount of loss, either may demand an appraisal of the loss. In this event, each party will choose a competent and impartial appraiser within 20 days after receiving a written request from the other. The two appraisers will choose an umpire. If they cannot agree upon an umpire within 15 days, you or we may request that the choice be made by a judge of a court of records in the state where the "residence premises" is located. The appraisers will separately set the amount of the loss. If the appraisers submit a written report of an agreement to us, the amount agreed upon will be the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will set the amount of loss.
>
> …
>
> This is not a provision providing for or requiring arbitration. The appraisers and umpire are only authorized to determine the "actual cash value", "replacement cost" or cost to repair the property that is the subject of the claim. They are not authorized to determine coverage, exclusions, conditions, forfeiture provisions, conditions precedent, or any other contractual issues that may exist between you and us. The appraisal award cannot be used by either you or us in any proceeding concerning coverage, exclusions, forfeiture provisions, conditions precedent, or other contractual issues. However, once contractual liability is admitted or determined, the appraisal award is binding upon you and us. This appraisal process and authority granted to the appraisers and the umpire can only be expanded or modified by written mutual consent signed by you and us.

ORDER GRANTING MOTION TO COMPEL APPRAISAL - 3

Dkt. No. 1-3 at 46.  The Corys argue that because the Appraisal provision of the Policy is a binding contract term that authorizes them to demand an appraisal, the Court should grant their motion and stay the litigation while the appraisal process is ongoing.  Dkt. No. 12 at 4.

In opposition to the Corys' motion, USAA acknowledges that "appraisal can be a useful tool for resolving what are primarily valuation disputes," but contends that the dispute in this action is not primarily about the value of the loss but about whether and how coverage terms apply to certain categories of the Corys' costs.  Dkt. No. 14 at 1.  USAA cites no authority requiring that an appraisal provision is properly invoked only where it would resolve *all* of the disputes between an insured and insurer.  USAA contends that in addition to disputes over the valuation of personal property and the building, there are additional disputes as to causation and coverage, but has not shown that appraisal would serve *no* useful purpose.  *Id*. at 5–6.

Because the Policy contains an Appraisal provision that permits the Corys to demand an appraisal, and because USAA has not shown that it should not be obligated to honor that provision, the Court will grant the Corys' motion.  *See, e.g.*, *Graham v. Country Mut. Ins. Co.*, No. 2:20-CV-00189-SAB, 2021 WL 5239795, at *2 (E.D. Wash. Feb. 9, 2021) ("It is true that determining the amount of loss is a separate issue from determining whether the loss is covered under the policy and that the latter cannot be resolved by appraisal.  However, this does not relieve Defendant of the obligation to engage in the appraisal process in the first place.").

### III.     CONCLUSION

For these reasons, Plaintiffs' motion to compel appraisal is GRANTED.  Dkt. No. 12.  The parties shall engage in the appraisal process consistent with the Policy's terms, and this matter is STAYED while that process is ongoing.

The parties shall file a joint status report within two weeks of the conclusion of the appraisal process.  If the appraisal process is not completed by October 31, 2025, the parties shall file a joint

status report no later than that date, addressing the progress made and whether the stay should remain in place.

The Court also acknowledges that the parties have submitted a joint status report (Dkt. No. 15) as required by Federal Rule of Civil Procedure 26(f), but the Court defers entry of a case schedule until after the stay is lifted.

Dated this 12th day of August, 2025.

Kymberly K. Evanson
United States District Judge

ORDER GRANTING MOTION TO COMPEL APPRAISAL - 5